IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL CURTIS REYNOLDS,**
**No. 10671-023,**

**Petitioner,**

   vs.          Case No. 18-cv-1031-DRH

**T.G. WERLICH,**

**Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

Petitioner Michael Curtis Reynolds, currently incarcerated in the FCI-Greenville, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. § 2241 to challenge the constitutionality of his confinement. He invokes *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 2250 (2016), and notes that the Seventh Circuit has stated that a *Mathis* claim must be brought in a § 2241 proceeding, if at all. *Dawkins v. United States*, 829 F.3d 549, 550 (7th Cir. 2016). (Doc. 1, p. 1).

This case is now before the Court for a preliminary review of the Petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b)

1

of those Rules gives this Court the authority to apply the rules to other habeas corpus cases, such as this action under 28 U.S.C. § 2241. After carefully reviewing the Petition, the Court concludes that this action is subject to dismissal.

## **Background**

According to recent orders issued by the Middle District of Pennsylvania dismissing Reynolds' petitions in that court, he was found guilty by a jury of "multiple terrorism related criminal offenses" in July 2007, in the Middle District of Pennsylvania. *See Reynolds v. United States*, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); *see also United States v. Reynolds*, Case No. 05-CR-493 (M.D. Pa.). The convictions were for attempting to provide material support to a foreign terrorist organization (18 U.S.C. § 2339B); attempting to provide material support to damage an interstate gas pipeline facility by means of force or explosive (18 U.S.C. §§ 2339A(a) & 2); soliciting others to damage an interstate pipeline facility by means of force or explosive (18 U.S.C. § 373); distributing information through the internet on the manufacture and use of an explosive device (18 U.S.C. §842(p)(2); and possession of a grenade (18 U.S.C. §§ 5841, 5861(d), & 5871). (Doc. 297, *United States v. Reynolds*, Case No. 05-CR-493 (M.D. Pa.)). He was sentenced to a total of 360 months. *Id.*

On March 18, 2010, the United States Court of Appeals for the Third Circuit affirmed Reynolds' convictions. *United States v. Reynolds*, 374 F. App'x 356 (3d Cir. 2010). *See also Reynolds v. United States*, Case No. 18-CV-1093

(M.D. Pa., Doc. 9, June 14, 2018); *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018).

Reynolds' original attempt to collaterally attack his conviction under 28 U.S.C. § 2255 was dismissed on the merits on August 15, 2012. *Reynolds v. United States*, Case No. 05-CR-493, 2012 WL 12981962 (M.D. Pa.). He then filed several successive § 2255 petitions without obtaining authorization from the Third Circuit, all of which were dismissed. *See Reynolds v. United States*, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); *see also United States v. Reynolds*, Appeal No. 13-4195 (3d Cir. Feb. 12, 2014). Reynolds additionally filed "multiple unsuccessful § 2241 petitions" in the Middle District of Pennsylvania, in which he challenged the legality of his federal prosecution. *Reynolds v. United States*, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018); *see also Reynolds v. Bledsoe*, Case No. 08-cv-909 (M.D. Pa.); *Reynolds v. Kosik*, Case No. 08-cv-293 (M.D. Pa.); *Reynolds v. Martinez*, Case No. 08-cv-2094 (M.D. Pa.).

In 2018, Reynolds filed 2 actions in the Middle District of Pennsylvania, both invoking *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238 (1944), to urge the court to set aside its judgment as having been obtained by fraudulent means. In the first, the court construed the action as a habeas petition

pursuant to § 2241. *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018). Reynolds raised numerous claims, including:

> (1) It was physically impossible for him to have committed an e-mail crime within the confines of this district; (2) a prosecution witness was coerced; (3) false statements and testimony by an FBI agent was used to obtain his conviction; and (4) illegally seized evidence was used against him.

*Id*. at Doc. 5, p. 3. The court found that Reynolds' claim for relief did not fall within the "safety-valve" clause of 28 U.S.C. § 2255(e) such that it was cognizable in a § 2241 action, and dismissed the case without prejudice. The court explained that even though he claimed "actual innocence," Reynolds did not argue that his conduct was no longer criminal because of a change in the law subsequent to his conviction. He also failed to show that he could not have presented his claims in the context of a § 2255 action. *Id*. at Doc. 5, p. 5.

The court analyzed Reynolds' second *Hazel-Atlas* petition as a civil rights claim, and in the alternative as a habeas action under both § 2241 or §2255. *Reynolds v. United States*, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018). In dismissing the case without prejudice, the court reasoned that Reynolds could not seek release in the context of a civil rights claim; failed again to bring a § 2241 claim that would fit within the narrow window of the 28 U.S.C. § 2255(e) "safety-valve;" and could not proceed with the action under § 2255 because he had not obtained authorization from the court of appeals for a successive § 2255 motion.

## The Petition

Reynolds filed the instant Petition on April 30, 2018. He has since filed a number of motions. The Petition asserts that Reynolds' sentence was improperly enhanced pursuant to § 3A1.4,[1] because he was never indicted by a grand jury for the enhanced elements of his offense, nor was the § 3A1.4 enhancement found by a jury at his trial. (Doc. 1, p. 1). He also claims that the § 2332a element of his § 2339A and B convictions was not charged or presented to the jury. (Doc. 1, pp. 1, 13-15). Specifically, the jury was not ever asked to find that the property that was the target of the alleged attempted destruction was used in interstate or foreign commerce, or in an activity that affects such commerce. (Doc. 1, pp. 15-17). Reynolds further states that his charges under 18 U.S.C. § 842(p)(2)(A) and § 922(g)(1)[2] were unconstitutional. (Doc. 1, p. 1). He contends that his convictions are void and must be "removed." (Doc. 1, p. 2).

The Petition further asserts that the FBI planted evidence (the hand grenades and emails), which amounted to plain and clear error affecting Reynolds' substantial rights. (Doc. 1, pp. 3-4). He contends that it was physically impossible for him to have committed any of the crimes, and that the government withheld material exculpatory evidence. (Doc. 1, pp. 4, 9-10). Because his conviction was allegedly based on fabricated and/or planted evidence, Reynolds

---

[1] The Court presumes Reynolds is referring to § 3A1.4 of the United States Sentencing Guidelines ("USSG"), which states: "(a) If the offense is a felony that involved, or was intended to promote, a federal crime of terrorism, increase by 12 levels; but if the resulting offense level is less than level 32, increase to level 32. (b) In each such case, the defendant's criminal history category from Chapter Four (Criminal History and Criminal Livelihood) shall be Category VI."

[2] According to the judgment in Reynolds' case, he was not convicted of any charge under 18 U.S.C. § 922(g)(1). (Doc. 297 in criminal case).

asserts that he is actually innocent of the offenses, and should be released. (Doc. 1, pp. 4-6). As he did in the Middle District of Pennsylvania, Reynolds raises *Hazel-Atlas* as authority that a judgment procured by fraud, which he alleges the FBI agents engaged in here by altering the hand grenades and planting them in his storage unit, must be vacated. (Doc. 1, pp. 8-9).

Reynolds also claims that the PSI contained 2 false felony reports, and asserts that he has no prior felonies to support a charge under 18 U.S.C. § 922(g)(1). (Doc. 1, p. 16).

The Petition enumerates 12 claims: (1) FBI agents planted evidence (2 live grenades); (2) the Government withheld exculpatory evidence of actual innocence; (3) FBI agents planted the grenades in order to entrap him; (4) the searched premises had been tainted, such that no legal search warrant could be issued; (5) the FBI knew that another person, not Reynolds, sent the emails and it was physically impossible for Reynolds to have sent them; (6) the trial judge constructively amended the indicted charge under 18 U.S.C. § 5845 to 18 U.S.C. § 922(g)(1); (7) FBI agents falsified Reynolds' criminal history for his PSI; (8) the indictment was defective; (9) certain documents were never emailed and thus an element of one offense was not proven; (10) the computer searches were not legal; (11) the search warrants were never served on Reynolds and an FBI agent lied about this fact; and (12) the trial judge threatened and thus tampered with a defense eyewitness. (Doc. 1, pp. 19-22). Reynolds asserts that the Government admitted certain key facts that prove his claims, when they failed to respond to

requests for admissions propounded by Reynolds under Federal Rule of Civil Procedure 36(a). (Doc. 1, pp. 22-24).

Reynolds requests immediate release, or a hearing where the Government may contest the allegedly admitted facts. (Doc. 1, p. 24).

## **Discussion**

As a general matter, "28 U.S.C. § 2241 and 28 U.S.C. § 2255 provide federal prisoners with distinct forms of collateral relief. Section 2255 applies to challenges to the validity of convictions and sentences, whereas § 2241 applies to challenges to the fact or duration of confinement." *Hill v. Werlinger*, 695 F.3d 644, 645 (7th Cir. 2012) (citing *Walker v. O'Brien*, 216 F.3d 626, 629 (7th Cir. 2000). *See also Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012); *Valona v. United States*, 138 F.3d 693, 694 (7th Cir. 1998). Here, Reynolds is attacking his conviction and sentence, which points to § 2255 as the proper avenue for relief.

Under very limited circumstances, a prisoner may employ § 2241 to challenge his federal conviction or sentence. 28 U.S.C. § 2255(e) contains a "savings clause" (also referred to as the "safety-valve" clause, *see Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018)) which authorizes a federal prisoner to file a § 2241 petition where the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). *See Hill*, 695 F.3d at 648 ("'Inadequate or ineffective' means that 'a legal theory that could not have been presented under § 2255 establishes the

7

petitioner's actual innocence.'") (citing *Taylor v. Gilkey*, 314 F.3d 832, 835 (7th Cir. 2002). *See also United States v. Prevatte*, 300 F.3d 792, 798-99 (7th Cir. 2002). The fact that Reynolds may be barred from bringing a second/successive § 2255 petition is not, in itself, sufficient to render it an inadequate remedy. *In re Davenport*, 147 F.3d 605, 609-10 (7th Cir. 1998) (§ 2255 limitation on filing successive motions does not render it an inadequate remedy for a prisoner who had filed a prior § 2255 motion). Instead, a petitioner under § 2241 must demonstrate the inability of a § 2255 motion to cure the defect in the conviction. "A procedure for postconviction relief can be fairly termed inadequate when it is so configured as to deny a convicted defendant any opportunity for judicial rectification of so fundamental a defect in his conviction as having been imprisoned for a nonexistent offense." *Davenport*, 147 F.3d at 611.

The Seventh Circuit has explained that, in order to fit within the savings clause following *Davenport*, a petitioner must meet three conditions. First, he must show that he relies on a new statutory interpretation case rather than a constitutional case. Secondly, he must show that he relies on a decision that he could not have invoked in his first § 2255 motion, *and* that case must apply retroactively. Lastly, he must demonstrate that there has been a "fundamental defect" in his conviction or sentence that is grave enough to be deemed a miscarriage of justice. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). *See also Brown v. Rios*, 696 F3d 638, 640 (7th Cir. 2012).

The undersigned Judge has found in some cases that a collateral attack based on *Mathis v. United States*, — U.S. —, 136 S. Ct. 2243, 195 L. Ed. 2d 604 (2016), against a career-offender-enhanced sentence facially satisfies the conditions to be considered in a § 2241 proceeding under the savings clause of § 2255(e). *See e.g., Hoskins v. Werlich*, No. 17-cv-652-DRH (S.D. Ill. July 28, 2017); *Wadlington v. Werlich*, No. 17-cv-449-DRH (S.D. Ill. July 17, 2017); *Davis v. USA*, 17-cv-379-DRH (S.D. Ill. June 14, 2017); *Warren v. Werlich*, No. 17-cv-84-DRH (S.D. Ill. Mar. 27, 2017). While Reynolds invokes *Mathis* in his Petition, he fails to explain how *Mathis* would entitle him to habeas relief, and the Court can find no basis to consider granting relief based on the *Mathis* holding.

*Mathis*, a statutory-interpretation case, involved the Armed Career Criminal Act ("ACCA") and not the federal sentencing guidelines. *See United States v. Hinkle*, 832 F.3d 569, 574 (5th Cir. 2016). The *Mathis* Court held that an Iowa burglary statute which allowed for a conviction based on entry to a vehicle was too broad to qualify as a "generic burglary" statute. "Generic burglary" requires that the unlawful entry must have been made to a building or other structure. Because the Iowa statute was not "divisible" into distinct elements according to where the crime occurred, the Court held that a conviction under that state law could not be used as a predicate offense to enhance a federal defendant's sentence under the burglary clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii). *Mathis*, 136 S. Ct. at 2250-51; *see also United States v. Haney*, 840 F.3d 472, 475-76 (7th Cir. 2016).

9

In the present case, Reynolds does not argue that a prior conviction which was used to enhance his sentence should, post-*Mathis*, no longer count as a predicate offense for a career-criminal enhancement.[3] The *Mathis* decision does not appear to be applicable to Reynolds' sentence at all, because the enhancement of his sentencing guideline range was not based on the burglary clause (or any other part) of the ACCA statute. Further, Reynolds' sentence was not based on the language in USSG § 4B1.2(a), which includes career-offender enhancements. Instead, Reynolds' advisory sentencing range was enhanced pursuant to USSG § 3A1.4 for terrorism offenses, which contains none of the language at issue in *Mathis*, and is distinct from the "career offender" enhancements that have been the subject of recent landmark cases. *See Beckles v. United States*, — U.S. —, 137 S. Ct. 886, 197 L. Ed. 2d 145 (2017) (distinguishing *Johnson v. United States*, — U.S. —, 135 S. Ct. 2551, 192 L. Ed. 2d 569 (2015), and holding that the advisory guidelines in the residual clause of USSG § 4B1.2(a) were not subject to a vagueness challenge)).

While *Mathis* is a retroactively-applicable statutory interpretation case that Reynolds could not have invoked in his first § 2255 motion, the holding in *Mathis* does not offer Reynolds any basis for relief in the context of his particular case. Furthermore, Reynolds' claims of a "fundamental defect" in his conviction or

---

[3] Reynolds does claim that he had no prior felony convictions, contrary to the information in his PSI. This argument, however, was debunked in the Middle District of Pennsylvania's order dismissing Reynolds' first § 2255 motion, which noted that he was convicted in 1978 of attempted arson. *Reynolds v. United States*, Case No. 05-CR-493, 2012 WL 12981962, at *6 (M.D. Pa. Aug. 15, 2012). This prior conviction was not discussed at Reynolds' trial. *Id.*

sentence are all matters that he has already raised (or could have raised) either in his direct appeal from his conviction, or in his initial § 2255 motion (or both). *See United States v. Reynolds*, 374 F. App'x 356 (3d Cir. 2010); *Reynolds v. United States*, Case No. 05-CR-493, 2012 WL 12981962, at *6 (M.D. Pa. Aug. 15, 2012). As such, Reynolds cannot claim that § 2255 was "inadequate or ineffective" as an avenue to raise his arguments challenging the legality of his detention. 28 U.S.C. § 2255(e). The Middle District of Pennsylvania reached the same conclusion when evaluating Reynolds' § 2241 petitions (labeled as *Hazel-Atlas* motions) recently brought in that court. *Reynolds v. United States*, Case No. 18-CV-1093 (M.D. Pa., Doc. 9, June 14, 2018); *Reynolds v. United States*, Case No. 18-CV-691 (M.D. Pa., Doc. 5, April 4, 2018). The present Petition reveals no reason for this Court to reach a different conclusion.

## Disposition

To summarize, Reynolds has not demonstrated that § 2255 is an inadequate remedy for his current claims, and consistent with *In re Davenport*, Reynolds cannot raise these claims through a § 2241 petition. *Davenport*, 147 F.3d 605 (7th Cir. 1998). Accordingly, the Petition is summarily **DISMISSED with prejudice**. All pending motions are **DENIED AS MOOT.**

If Reynolds wishes to appeal this dismissal, he may file a notice of appeal with this court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B)(iii). A motion for leave to appeal *in forma pauperis* must set forth the issues Reynolds plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If

Reynolds does choose to appeal and is allowed to proceed IFP, he will be liable for a portion of the $505.00 appellate filing fee (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  See FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch,* 133 F.3d 464, 467 (7th Cir. 1998).  A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline.  A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.  It is not necessary for Reynolds to obtain a certificate of appealability from this disposition of his § 2241 Petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

**IT IS SO ORDERED.**

Judge Herndon
2018.06.21
06:23:24 -05'00'

United States District Judge